FIRST NATIONAL BANK OF OMAHA, A CORPORATION AND SUCCESSOR-TRUSTEE, APPELLEE, V. OMAHA NATIONAL BANK, APPELLANT, IMPLEADED WITH FRANKLIN P. ROGERS ET AL., APPELLANTS, IMPLEADED WITH SENSATION MOWER, INC., ET AL., APPELLEES.

214 N. W. 2d 483

Filed January 31, 1974. No. 39159.

Monen, Seidler, McGill & Festersen, for appellant Omaha Nat. Bank.

John W. Delehant, for appellants Rogers.

Lyman L. Larson of Kennedy, Holland, DeLacy & Svoboda, for appellee First Nat. Bank of Omaha.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCown, J.

This is an appeal from a judgment granting further relief based upon an original declaratory judgment which had determined the rights, duties, and liabilities of the parties under a lease. The issue on appeal is whether the judgment for future unmatured installments of rent, taxes, and insurance to become due under the lease was proper.

On January 30, 1973, the District Court granted a declaratory judgment on behalf of the plaintiff, First National Bank of Omaha, against the defendant and third party plaintiff, the Omaha National Bank, declaring the Omaha National Bank to be liable, as lessee, to perform all the covenants, terms, and conditions of a certain lease of real property located in Omaha, Douglas County, Nebraska. The judgment included amounts which had accrued under the lease up to the date of hearing. The judgment also found that under an assumption agreement between Franklin P. Rogers and Wilma C. Rogers, third party defendants, and the Omaha National Bank, as third party plaintiff, the Rogerses were jointly and severally liable to the Omaha National Bank for an amount corresponding exactly to the judgment entered against the Omaha National Bank in favor of the First National Bank of Omaha. Franklin and Wilma Rogers, as third party plaintiffs, were also given judgment against W. Howard Phelps and Rosemary Phelps, as third party defendants, who were also held jointly and severally responsible for the same liabilities and in the same amounts.

After the judgments were final, the parties filed later applications for further relief with respect to rental installments, insurance premiums, and taxes which had accrued since the original declaratory judgment. On April 10, 1973, the District Court, after hearing, entered judgments in the successive actions for insurance, taxes, and rental installments then matured. The judgment ordered that the unmatured installments of rent, taxes,

and insurance were to be paid as they fell due and that the original declaratory judgment was to be complied with. There is no dispute as to these portions of the judgments. In addition, however, it was provided that the court would retain jurisdiction; and that the judgment "shall mature and become effective as to each unmatured installment of rent, taxes and insurance on the day after said installment or payments are due and execution may then issue at the instance of the Plaintiff to satisfy the same." The judgment also provided that if, due to subsequent circumstances, the rights of the parties were changed or affected, application for appropriate relief might be made by either party.

It should be noted that the lease term was 50 years, beginning November 1, 1951. The lease called for a monthly rental of $833.34 and also required the lessee to pay taxes and insurance and to keep the building in repair. There was no acceleration clause in the lease.

The appellants' sole assignment of error is that the District Court was without jurisdiction to enter a judgment for future unmatured installments of rent, taxes, and insurance.

In general, rent does not accrue as a debt until the tenant has enjoyed the use of the land for the period for which it is payable. Consequently, in the absence of some agreement or understanding between the parties to the contrary, rent is not due until the expiration of the term. This is true whether the rent is reserved in gross or on annual, quarterly, or monthly payments. If the tenant is deprived of the use and enjoyment of the property by unavoidable accident or similar contingency before the end of the term, his liability for rent extends only to that time. Bishop Cafeteria Co. v. Ford, 177 Neb. 600, 129 N. W. 2d 581.

Rent, as such, is not payable until it falls due under the terms of a lease, and no suit can be brought for

future rent in the absence of a clause permitting acceleration. Here there is no abandonment, nor has the lessor retaken possession and there is no acceleration clause. The granting of judgment for unmatured installments of rent, taxes, and insurance was improper. That conclusion is reinforced in this case by the fact that any judgment for sums to become due in the future must, of necessity, be uncertain and indefinite in amount. The amounts of future taxes and insurance are obviously subject to variation, and therefore the specific amount cannot be determined in advance. Any judgment for future rent is likewise uncertain in that destruction of the building might terminate the liability for rent. The entry of such judgments for indefinite and variable amounts to mature and become payable in the future also shifts the basic burden of proof from the lessor to the lessee.

The District Court clearly has power to retain jurisdiction and grant further relief where it has entered a declaratory judgment declaring the right of the parties under a contract. § 25-21,149, R. R. S. 1943; Richardson v. Waterite Co., 169 Neb. 263, 99 N. W. 2d 265. Such future relief contemplates necessary supervision of such contracts and the entry of supplemental judgments and orders from time to time.

That portion of the judgment here which pertains to matured installments of rent, taxes, and insurance and provides for the retention of jurisdiction by the District Court should be affirmed. That part of the judgment which provides for the entry of judgment and the issuance of execution as to any unmatured installments of rent, taxes, and insurance should be vacated. The judgment should be modified to provide that upon application and showing to the court from time to time, after due notice to all parties, judgment or judgments as to any installments of rent, taxes, or insurance then matured may be entered. As so modified, the judgment of the

District Court is affirmed. Costs are assessed to plaintiff appellee, First National Bank of Omaha.

AFFIRMED IN PART, AND IN PART
VACATED AND REMANDED WITH
DIRECTIONS FOR MODIFICATION.

SMITH, J., not participating.